UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO CRUZ TRUJILLO,<br><br>    Plaintiff,<br><br>    v.<br><br>HITHE, et al.,<br><br>    Defendants. | No. 2:14-cv-00584 AC P<br><br><br>ORDER |

    Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. Plaintiff's complaint was transferred to this court on February 24, 2014 from the Northern District of California. ECF No. 16. On March 17, 2014 plaintiff consented to the jurisdiction of the United States Magistrate Judge. ECF No. 19.

    Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments

1

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

I.   Motion for the Appointment of Counsel

On June 9, 2014 plaintiff also filed a motion for the appointment of counsel. ECF No. 22. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. His motion will therefore be denied without prejudice.

II.   Screening Requirements

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2

1   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
2   Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
3   indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
4   490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
5   pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
6   Cir. 1989); Franklin, 745 F.2d at 1227.

7       A complaint must contain more than a "formulaic recitation of the elements of a cause of
8   action;" it must contain factual allegations sufficient to "raise a right to relief above the
9   speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The pleading
10  must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of]
11  a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and
12  Procedure § 1216, pp. 235-35 (3d ed. 2004). "[A] complaint must contain sufficient factual
13  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,
14  566 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has
15  facial plausibility when the plaintiff pleads factual content that allows the court to draw the
16  reasonable inference that the defendant is liable for the misconduct alleged." Id.

17      In reviewing a complaint under this standard, the court must accept as true the allegations
18  of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740
19  (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in
20  the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

21  III.    Plaintiff's Complaint

22      As an initial matter, the court will screen plaintiff's amended complaint filed on
23  December 16, 2013 because it supersedes his original complaint. ECF No. 12. Plaintiff alleges
24  that defendant Hithe, a correctional officer at Folsom State Prison, personally ordered an assault
25  against him. Id. at 3. This assault was to take place in the main yard of Folsom State Prison. Id.
26  However, once defendant discovered that plaintiff was aware of the order, the location of the
27  assault was then changed to a different, and unidentified, prison. Id. After plaintiff received an
28  anonymous letter informing him of defendant's order, the location and timing of the assault was

once again changed to take place after plaintiff was paroled from Folsom State Prison. Id.

On February 26, 2012 plaintiff was the victim of an assault with a deadly weapon which is apparently connected to defendant's order. Id. Plaintiff attached the Chula Vista Police Department report concerning this assault to his original complaint. See ECF No. 1 at 12-26. The police report indicates that plaintiff was attacked by a group of individuals in the area of Industrial Boulevard and Palomar in Chula Vista, California. Id. at 18-23. Plaintiff received numerous injuries including two stab wounds to the top of his head as well as individual stab wounds to his chest, back and rib cage. Id. at 19.

It is unclear what legal theory supports defendant's liability for the assault on plaintiff, which did not even occur at Folsom State Prison. To the extent that plaintiff is attempting to allege a conspiracy between defendant Hithe and the unidentified non-state actors who committed the assault on plaintiff, the claim is defective because it fails to allege any actual connection between these individuals much less a coordinated plan to assault plaintiff. Accordingly, plaintiff's complaint will be dismissed with leave to amend.

In order to state a conspiracy claim, plaintiff must make some showing of an agreement or a meeting of the minds on the part of defendants to violate his constitutional rights. Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989) (citing Fonda v. Gray, 707 F.2d 435 (9th Cir. 1983)); see also United Steelworkers of America v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (en banc). Conspiracy allegations must be supported by material facts and not be merely conclusory statements. Lockary v. Kayfetz, 587 F. Supp. 631, 639 (N. D. Cal. 1984).

Additionally, only state actors may be liable for constitutional violations committed against plaintiff pursuant to the Civil Rights Act. See 42 U.S.C. § 1983. Thus, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and the laws of the United States, *and must show that the alleged deprivation was committed by a person acting under color of state law*." West v. Atkins, 487 U.S. 42, 48 (1988) (emphasis added). Individuals who commit criminal acts in the community at large are not state actors within the meaning of the statute and thus cannot be named as defendants in this action.

1      To the extent that plaintiff is seeking to allege a First Amendment retaliation claim, the amended complaint fails to establish such a violation because there is no allegation or evidence that the assault occurred as a result of plaintiff's complaints against defendant Hithe.  Moreover, the actual assault was not committed by a state actor nor was it alleged to have chilled plaintiff's exercise of his First Amendment right to file grievances.  The retaliation claim alleged in the amended complaint will therefore be dismissed with leave to amend.

Plaintiff is advised that in order to properly plead a retaliation claim, plaintiff must allege that: "(1) a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's motion for the appointment of counsel (ECF No. 22) is denied without prejudice.

4. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order. Failure to file an amended complaint will result in the dismissal of the action.

DATED: September 4, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

6