1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9              FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   GUILLERMO CRUZ TRUJILLO,               No.  2:14-cv-00584 JAM AC P

12                    Plaintiff,

13          v.                               ORDER AND FINDINGS AND
                                             RECOMMENDATIONS
14   HITHE, et al.,

15                    Defendants.

16

17        I.     Introduction

18        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights

19   action filed pursuant to 42 U.S.C. § 1983.  This action proceeds on plaintiff's second amended

20   complaint (SAC), filed October 27, 2014.  See ECF No. 36.  Presently pending is defendant's

21   motion to dismiss this action based on plaintiff's alleged concession on the face of the SAC that

22   he did not exhaust his administrative remedies.  See ECF No. 53.  Also pending is plaintiff's

23   request for an extension of time, ECF No. 56, and plaintiff's requests for counsel, ECF Nos. 57,

24   60.  For the reasons that follow, the court grants plaintiff's request for extension of time, denies

25   plaintiff's request for counsel, and recommends denial of defendant's motion to dismiss.

26        II.    Factual and Procedural Background

27        The SAC alleges that defendant Hithe, a correctional officer at Folsom State Prison (FSP),

28   used excessive force against plaintiff because plaintiff refused to relinquish his boxer shorts in

                                          1

1    front of female correctional officers.  See ECF No. 36 at 2-3.  Specifically, plaintiff alleged that

2    while he was in mechanical restraints in his cell, defendant and an unidentified co-worker

3    slammed plaintiff "face down" into the concrete floor and proceeded to punch and knee plaintiff

4    in both the left and right ribcage.  Id.  Plaintiff further alleged in the SAC that defendant Hithe

5    was responsible for an attack plaintiff suffered on February 26, 2012 while out on parole, as well

6    as an attack plaintiff suffered on November 1, 2013 while incarcerated at Corcoran State Prison

7    (CSP-COR).  See ECF No. 36 at 4.  Upon screening, the court found that that the SAC stated a

8    colorable claim against defendant Hithe for use of excessive force in violation of plaintiff's

9    Eighth Amendment rights based on the incident that allegedly occurred at FSP.  See ECF No. 44

10   at 3.  The court found that plaintiff's remaining allegations failed to establish a claim for relief, as

11   plaintiff had not alleged a sufficient connection between defendant Hithe and the attack outside of

12   prison or the attack at CSP-COR.  See ECF No. 44 at 3-4.

13        The SAC included a section entitled "Exhaustion of Legal Remedies," which stated as

14   follows, ECF No. 36 at 5 (sic):

15        Plaintiff Guillermo Trujillo has used the prisoner grievance
          procedure available through each and one state prison confined in
16        to try and cease and solve the problem.  On Oct-21-13 plaintiff
          Guillermo Trujillo presents facts relating to this complaint through
17        see attached office of appeals C.D.C.R. inmate/parolee appeals
          tracking system – Level 1, 2, 3; the appeals coordinator response
18        have been rejected; cancelled and R15 not authorized to bypass any
          level.
19

20        Plaintiff also attached several documents to his SAC.[1]  See ECF No. 36 at 11-31.  The

21   relevant exhibits include a letter dated March 7, 2014 from the Office of Appeals and a print out

22   of plaintiff's "recent appeals history and status of appeals still under review."  See id. at 28-30.

23   The summary of plaintiff's third level appeals indicates that plaintiff "has no accepted appeal

24   history" and that plaintiff's third level appeals were screened out for various reasons.  See id. at

25   30-31.

26   _____
     [1]  Because the court granted plaintiff's request to add exhibits to his SAC, see ECF No. 44 at 4,
27   the documents submitted by plaintiff on February 23, 2015, ECF No. 44, are also considered part
     of the SAC.  However, none of these exhibits appear relevant to the issues presently before the
28   court.

On September 14, 2015, defendant filed the instant motion to dismiss this action on the ground that plaintiff failed to exhaust administrative remedies before filing suit.  ECF No. 53-1.

On November 23, 2015, plaintiff filed a letter indicating that he prepared an opposition to defendant's motion, but evidently sent it to the wrong address.  See ECF No. 54.

On November 30, 2015, the court received plaintiff's request for extension of time to oppose defendant's motion to dismiss.  ECF No. 56.  The request is dated September 16, 2015. Id. at 2.  Also on November 30, 2015, the court received plaintiff's opposition to defendant's motion to dismiss, dated September 27, 2015, and plaintiff's request for appointment of counsel. ECF Nos. 55, 57.  Defendant's reply was filed on December 7, 2015.  ECF No. 59.

On May 31, 2016, plaintiff filed a notice of interlocutory appeal.  See ECF No. 65.  The Ninth Circuit Court of Appeal denied the appeal on July 22, 2016 for lack of jurisdiction because plaintiff's appeal did not challenge a final or appealable order.[2]  ECF No. 69.  The judgment of the Ninth Circuit took effect on August 16, 2016.  ECF No. 72.

III.    Plaintiff's Request for Extension of Time

Plaintiff filed a request for additional time to oppose defendant's motion to dismiss, which although dated September 16, 2015 was received by the court on November 30, 2015.  ECF No. 56.  Although it is not entirely clear, it appears that plaintiff sent his copy of his opposition to defense counsel, and thereafter requested that defense counsel return his opposition so he could file it with the court.  See ECF No. 57 at 4.  It appears that counsel for defendant returned plaintiff's opposition upon plaintiff's request, see id., and plaintiff then filed it with the court, see ECF No. 55.  In light of plaintiff's pro se status, the court construes plaintiff's motion as a request to file an untimely opposition to defendant's motion to dismiss, and grants plaintiff's motion nunc pro tunc.  Plaintiff's opposition to defendant's motion to dismiss shall be deemed timely filed.

IV.    Motion to Dismiss

A. Legal Standards for Dismissal for Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act of 1995 (PLRA) mandates that "[n]o action shall be

---

[2]  It appears that plaintiff believed a final judgment had been entered in this case, and intended to appeal that judgment.  See ECF No. 65.

3

1   brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a

2   prisoner confined in any jail, prison, or other correctional facility until such administrative

3   remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Although "the PLRA's

4   exhaustion requirement applies to all inmate suits about prison life," Porter v. Nussle, 534 U.S.

5   516, 532 (2002), the requirement for exhaustion under the PLRA is not absolute.  See Albino v.

6   Baca, 697 F.3d 1023, 1030–31 (9th Cir. 2012).  As explicitly stated in the statute, "[t]he PLRA

7   requires that an inmate exhaust only those administrative remedies 'as are available.'"  Sapp v.

8   Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010) (quoting 42 U.S.C. § 1997e(a)) (administrative

9   remedies plainly unavailable if grievance was screened out for improper reasons); see also Nunez

10  v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010) ("Remedies that rational inmates cannot be

11  expected to use are not capable of accomplishing their purposes and so are not available.").  "We

12  have recognized that the PLRA therefore does not require exhaustion when circumstances render

13  administrative remedies 'effectively unavailable.'"  Sapp, 623 F.3d at 822 (citing Nunez, 591

14  F.3d at 1226); accord Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) ("The obligation to

15  exhaust 'available' remedies persists as long as some remedy remains 'available.'  Once that is no

16  longer the case, then there are no 'remedies . . . available,' and the prisoner need not further

17  pursue the grievance.").

18      Dismissal of a prisoner civil rights action for failure to exhaust administrative remedies

19  must generally be brought and decided pursuant to a motion for summary judgment under Rule

20  56, Federal Rules of Civil Procedure.  Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) (en banc).

21  Defendant bears the burden of proving that there was an available administrative remedy that the

22  prisoner did not exhaust it.  Id. at 1172.  If defendant meets this burden, then the burden shifts to

23  plaintiff to "come forward with evidence showing that there is something in his particular case

24  that made the existing and generally available administrative remedies effectively unavailable to

25  him."  Id.  In adjudicating summary judgment on the issue of exhaustion, the court must view all

26  the facts in the record in the light most favorable to plaintiff.  Id. at 1173.

27      However, a motion for summary judgment is unnecessary "[i]n the rare event that a failure

28  to exhaust is clear on the face of the complaint, [when] a defendant may move for dismissal under

4

1   Rule 12(b)(6)." Albino, 747 F.3d at 1166 (overruling Wyatt v. Terhune, 315 F.3d 1108, 1119

2   (9th Cir. 2003), insofar as it held that failure to exhaust should be raised by defendants as an

3   "unenumerated Rule 12(b) motion.").

4          To survive a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, a

5   complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

6   is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic

7   Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court must accept as true the allegations of

8   the complaint, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and

9   construe the pleading in the light most favorable to plaintiff, Jenkins v. McKeithen, 395 U.S. 411,

10  421, reh'g denied, 396 U.S. 869 (1969).  Pro se pleadings are held to a less stringent standard than

11  those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

12         The court may consider facts established by exhibits attached to the complaint.  Durning

13  v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts

14  that may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th

15  Cir. 1987); and matters of public record, including pleadings, orders, and similar papers filed with

16  the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).

17         B.  Arguments of the Parties

18             i.  Defendant's Argument

19         Defendant argues that dismissal of this action is warranted because it is evident from the

20  face of the SAC that plaintiff failed to exhaust administrative remedies before filing suit.  ECF

21  No. 53-1 at 1.  Defendant contends that plaintiff's statement that he "used the grievance

22  procedure" and "presented facts relating to this complaint" shows that an administrative remedy

23  was available to plaintiff, and plaintiff's statement that his grievances were "rejected, cancelled,

24  and R15 not authorized to bypass any level" demonstrates that his grievances were not exhausted,

25  as a rejected or cancelled grievance is not exhausted.  ECF No. 53-1 at 2, 4.  See also ECF No. 36

26  at 5.  Defendant asserts that "[b]y stating that his grievances were 'rejected, cancelled; and R15

27  not authorized to bypass any level,' Plaintiff has effectively admitted that he did not fully exhaust

28  administrative remedies before filing suit."  Id.  See ECF No. 36 at 5.  Defendant asserts that the

summary of plaintiff's appeal tracking history, attached as an exhibit to the SAC, confirms that all of plaintiff's third level grievances were rejected or cancelled.  <u>See</u> ECF No. 53-1 at 4.  <u>See</u> <u>also</u> ECF No. 36 at 29-30.  Thus, defendant contends it is clear that administrative remedies were available to plaintiff, but plaintiff did not fully and properly exhaust them.  ECF No. 53-1 at 5.

ii.  <u>Plaintiff's Opposition</u>

In his opposition, plaintiff asserts that he "did use the grievance procedure available at Old Folsom State Prison to try and solve the problem" and that he "also presented all the facts to this complaint from March-26-2011 until Jan-02-2012 [and] obtain[ed] a response by the appeal coordinators office R15 not authorized to bypass any level."  ECF No. 55 at 2.  Plaintiff asserts that the appeals coordinator(s) thereafter "refuse[d] to return 602 appeals forms to deny [plaintiff his] right to continue exhausting all administrative (sic) at all level of appeals in bad faith to have [his] case thrown out by the Eastern District of California."  <u>Id.</u>  Plaintiff further alleges that on March 26, 2011, while housed in the administrative segregation unit at FSP, plaintiff "filed numerous of 602 appeals that where lost or delay during the level of appeal review process, where C.D.C.R. staff did not comply with time limits for response at first, second, and/or third level of review, not allowing [plaintiff] to continue exhausting administrative remedies."  ECF No. 55 at 6.  Plaintiff asserts that if the court denies defendant's motion to dismiss, plaintiff "can demonstrate his attempt at exhausting administrative remedies."  <u>Id.</u> at 2-3.

iii.  <u>Defendant's Reply</u>

Defendant filed a reply in which he asserts that the court should disregard plaintiff's "new allegations" that administrative remedies were unavailable.  ECF No. 59 at 3.  Defendant asserts that plaintiff's "new story in the opposition that an unspecified appeals coordinator refused 'to return 602 appeals forms' to him" is belied by plaintiff's statement in the SAC that he received responses from appeals coordinators and that his grievances were rejected, cancelled, or not authorized to bypass any level.  <u>Id.</u>  According to defendant, the SAC and the attached Level Three tracking form, confirm plaintiff utilized the appeal process and that the appeals coordinator provided responses.  <u>Id.</u>

////

6

1

    C. <u>Discussion</u>

2        At the outset, the court notes that in his opposition, plaintiff repeats his claim "that

3   defendant was responsible for ordering and getting plaintiff targeted once he parole[d] from

4   Folsom State Prison."[3]  ECF No. 55 at 1.  Plaintiff is advised that the court already considered his

5   allegation that defendant Hithe was responsible for the attack plaintiff suffered while out on

6   parole, and determined that these allegations failed to state a colorable claim for relief against

7   defendant Hithe.  ECF No. 44 at 3-4.  The only claim that survived screening was plaintiff's

8   claim that defendant Hithe used excessive force against plaintiff at Folsom State Prison when he

9   slammed plaintiff on the ground and punched and kneed plaintiff while plaintiff was already in

10  mechanical restraints.  <u>Id.</u> at 3.  Accordingly, with respect to exhaustion of administrative

11  remedies, the only issue before the court is whether plaintiff exhausted his claim that defendant

12  Hithe used excessive force against plaintiff while plaintiff was in mechanical restraints at Folsom

13  State Prison.

14        With respect to the merits of defendant's motion to dismiss, it is evident from the

15  arguments of the parties that there are factual issues that bear on whether plaintiff exhausted the

16  administrative remedies that were available to him.  While defendant contends plaintiff's failure

17  to exhaust is clear from the face of the SAC, plaintiff appears to assert that he was unable to

18  complete the exhaustion process due to interference from prison staff and/or the appeals

19  coordinator(s).  In light of plaintiff's allegations, the undersigned finds that this is not the "rare

20  event" when failure to exhaust is clear on the face of the complaint.  <u>See</u> <u>Albino</u>, 747 F.3d at

21  1166.  Although plaintiff has not shown that administrative remedies were "effectively

22  unavailable" to him during the relevant period, he has demonstrated that this is an issue that

23  should be addressed on a fuller record at summary judgment.  Therefore, defendant's motion to

24  dismiss should be denied without prejudice to the filing of a motion for summary judgment on the

25  same issue.

26  *////*

27

28

---

[3]  Plaintiff appears to assert that this attack took place on February 26, 2012.  <u>See</u> ECF No. 55 at 1.

1   To assist the parties, and the court, in the event that defendant files a motion for summary

2   judgment on exhaustion grounds, the court identifies several issues that will require clarification

3   in defendant's motion for summary judgment.

4   First, although plaintiff clearly alleges that defendant Hithe, a correctional officer at FSP,

5   used excessive force against plaintiff while plaintiff was incarcerated at FSP, the date of the

6   alleged incident remains unclear.  Plaintiff alleges that defendant Hithe used excessive force

7   against him at FSP on the same date that plaintiff received a rules violation report "for disobeying

8   orders."  See ECF No. 36 at 2.  However, the rules violation report plaintiff submitted to the court

9   is from Richard J. Donovan Correctional Facility (RJD), not FSP.  See ECF No. 43 at 7-15.

10  Accordingly, the report from RJD does not clarify the date of the alleged incident at FSP.  As the

11  specific date of the incident at FSP will be relevant to any exhaustion analysis, the parties should

12  clarify when plaintiff was incarcerated at FSP and on what dates plaintiff received rules violation

13  reports at FSP for disobeying orders.  Because it is not clear whether plaintiff has a copy of the

14  rules violation report from FSP referenced in the complaint, defendant should provide the court

15  with a copy of the rules violation reports plaintiff received while incarcerated at FSP.

16  Second, it has become apparent from the court's review of the record that it will be unduly

17  burdensome for plaintiff to obtain copies of his administrative grievances on his own, particularly

18  in light of plaintiff's repeated allegations that he has requested copies of his grievances and has

19  not received them.[4]  Defendant, who is represented by counsel and has greater access to

20  resources, is in a better position to obtain copies of plaintiff's grievances.  Therefore, should

21  defendant choose to file a motion for summary judgment on exhaustion grounds, defendant will

22  be required to include, as exhibits to his motion, copies of all of the grievances filed by plaintiff

23  while incarcerated at Folsom State Prison.  As failure to exhaust administrative remedies is an

24  affirmative defense that defendant must prove, see Albino, 747 F.3d at 1166, the court finds it

25  [4]  The court notes that in the SAC, plaintiff makes a vague reference to "Oct-21-13" as the date he
26  "present[ed] facts relating to this complaint."  See ECF No. 36 at 11-31.  While it initially
    appeared to the court that plaintiff meant to assert he filed a grievance on that date, the court's
27  review of the record suggests that plaintiff may have instead been referring to a letter, dated
    October 21, 2013, in which alleged that he was being denied documentation related to his
28  administrative grievances.  See ECF No. 1 at 4.

8

1    appropriate to allow the burden to fall on defendant in this instance.

2          Therefore, if defendant files a motion for summary judgment on exhaustion grounds, he

3    shall include with his motion: (1) a statement or notice indicating the period of time plaintiff was

4    incarcerated at Folsom State Prison; (2) copies of the rules violation reports plaintiff received

5    while incarcerated at Folsom State Prison; and (3) copies of all of the grievances plaintiff filed

6    while incarcerated at Folsom State Prison.

7          V.     Motion for Appointment of Counsel

8          Plaintiff has also requested appointment of counsel.  ECF Nos. 57, 60.  Plaintiff is advised

9    that this court is without authority to require counsel to represent indigent plaintiffs in section

10   1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  Only in certain

11   exceptional circumstances may the court request that a specific attorney voluntarily represent

12   such plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

13   1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In making this

14   assessment, the court must consider plaintiff's likelihood of success on the merits of his action as

15   well as plaintiff's ability to articulate his claims pro se in light of the complexity of the legal

16   issues involved.  See Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).  Plaintiff bears the

17   burden of demonstrating exceptional circumstances.  Circumstances common to most prisoners,

18   such as lack of legal education and limited law library access, do not establish exceptional

19   circumstances warranting the appointment of voluntary counsel.  Id.

20         In the present case, plaintiff appears to assert that counsel is warranted based on the

21   difficulties he encountered attempting to exhaust his administrative remedies while incarcerated

22   at Folsom State Prison.  See ECF No. 60 at 2.  However, plaintiff's assertion that his 602 appeals

23   were not returned to him is insufficient, in itself, to warrant appointment of counsel.  Moreover,

24   the court has addressed this concern above by requiring defendant to provide copies of plaintiff's

25   grievances, in the event that defendant files a motion for summary judgment on exhaustion

26   grounds.  To the extent plaintiff asserts he is indigent, lacks legal knowledge, and has limited

27   access to the law library due to his placement in administrative segregation, these are

28   circumstances common to most prisoners and do not warrant appointment of counsel.  Thus,

1    having considered the factors under Palmer, the court finds that plaintiff has failed to meet his

2    burden of demonstrating exceptional circumstances warranting the appointment of counsel at this

3    time.  Plaintiff's request for counsel will therefore be denied without prejudice to renewal at a

4    later stage of the proceedings.

5         VI.    Conclusion

6         In accordance with the above, IT IS HEREBY ORDERED that:

7    1.  Plaintiff motion for extension of time (ECF No. 56) is granted nunc pro tunc.  Plaintiff's

8         opposition to defendant's motion to dismiss shall be deemed timely filed.

9    2.  Plaintiff's requests for appointment of counsel (ECF Nos. 57 & 60) are denied without

10        prejudice.

11        IT IS FURTHER RECOMMENDED that defendant's motion to dismiss (ECF No. 53) be

12   denied without prejudice to the filing of a motion for summary judgment on the same matter.

13        These findings and recommendations are submitted to the United States District Judge

14   assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

15   after being served with these findings and recommendations, any party may file written

16   objections with the court and serve a copy on all parties.  Such a document should be captioned

17   "Objections to Magistrate Judge's Findings and Recommendations."  **Due to exigencies in the**

18   **court's calendar, no extensions of time will be granted.**  The parties are advised that failure to

19   file objections within the specified time may waive the right to appeal the District Court's order.

20   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21   DATED: September 6, 2016

22                                        ALLISON CLAIRE

23                                        UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

                                        10