UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO CRUZ TRUJILLO, | No. 2:14-cv-00584 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| HITHE, et al., | |
| Defendants. | |

Guillermo Cruz Trujillo ("plaintiff") is a state prisoner proceeding pro se with this action pursuant to 42 U.S.C. § 1983. He has filed a motion for appointment of counsel. ECF No. 95. He argues that the appointment of counsel is necessary because his imprisonment will limit his ability to litigate this case. Id. at 1. He contends appointment of counsel will assist him with filing motions and briefs, obtaining evidence, and cross-examining opposing witnesses. Id.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues

1

involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The court does not find that exceptional circumstances warranting appointment of counsel exist at this time. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (finding no abuse of discretion under 28 U.S.C. § 1915(e) where pro se prisoner was denied counsel despite the fact that he "may well have fared better-particularly in the realms of discovery and the securing of expert testimony."). Thus far plaintiff has demonstrated an ability to adequately represent his interests. If, due to his incarceration, he needs additional time to meet court deadlines he may move for reasonable extensions of time. The court may reconsider appointment of counsel if exceptional circumstances present themselves at a later stage of the proceedings.

It is THEREFORE ORDERED that plaintiff's motion to appoint counsel (ECF No. 95) is DENIED without prejudice.

DATED: September 12, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE