UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO CRUZ TRUJILLO,<br><br>          Plaintiff,<br><br>     v.<br><br>HITHE,<br><br>          Defendant. | No. 2:14-cv-0584 JAM AC P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On July 19, 2017, defendant Hithe filed a motion for security. ECF No. 85. Plaintiff's response to that motion is currently due on October 5, 2017. On September 11, 2017, plaintiff filed a "motion to dismiss post security order." ECF No. 98. This filing reflects a misaunderstanding that the court's August 15, 2017 order (ECF No. 91) required him to post security. See ECF No. 98 at 1 (Arguing that "[p]laintiff's motion to amend was denied without prejudice and order (sic) to post security."). The order did not require him to do so. Instead, it stated only that the court was disinclined to grant leave to amend at this stage in the litigation and advised plaintiff of his opportunity to oppose the pending motion for security. ECF No. 91 at 2-3. Plaintiff appeared to understand as much when, on August 31, 2017, he moved for additional time to file his response to defendant's motion. ECF No. 93.

To the extent clarification is necessary: the court has not yet adjudicated defendant's

1

motion and, by extension, has not yet concluded whether plaintiff is a vexatious litigant within the meaning California Code of Civil Procedure section 391, et seq. Plaintiff's objections to such a finding are, therefore, premature. See ECF No. 98 (Plaintiff states that he "will object to . . . [the] court's order" and dispute that he meets the definition of a vexatious litigant.).[1]

Plaintiff's motion includes brief arguments that defendant Hithe is not entitled to qualified immunity and that "executive immunity" does not excuse his illegal actions. Id. at 2. These arguments do not appear to have any bearing on whether plaintiff is a vexatious litigant and the rationale for their inclusion is unclear to the court.

Finally, plaintiff apparently recognizes that defendant Hithe's motion for security has not yet been decided insofar as he asks that the motion be dismissed. Id. The court concludes that plaintiff has not shown good cause for dismissing the motion at this time. He may respond to the motion by way of a properly filed response on or before October 5, 2017.

It is THEREFORE ORDERED THAT plaintiff's motion to dismiss post security order (ECF No. 98) is denied.

DATED: September 13, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] In a single line, plaintiff claims that he is subject to "imminent danger" of serious physical harm and injuries. ECF No. 98 at 2. He does not expand on these allegations. To the extent plaintiff seeks relief based on these vague claims, he may bring them by way of separate complaint. The court concludes that such allegations do not belong in this action insofar as it is limited to claims based on an excessive force incident which occurred at Folsom State Prison. ECF No. 44 at 2-3. Plaintiff's lists his current place of incarceration as Pelican Bay State Prison.

2