UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO CRUZ TRUJILLO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HITHE, et al.,<br><br>　　　　Defendants. | No. 2:14-cv-0584 JAM AC P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action seeking relief pursuant to 42 U.S.C. § 1983. The matter has reached the discovery phase.

On July 19, 2017, defendant filed a motion for leave to file an amended answer (ECF No. 83) and a motion for security (ECF Nos. 85, 85-1 et seq.). The motion to file an amended answer is predicated on defendant Hithe's "good-faith basis to assert an additional affirmative defense of [plaintiff's] failure to comply with the statute of limitations." ECF No. 83 at 1 (brackets added). The motion for security, which requests that plaintiff be required to post $9,690.00 in security under Local Rule 151(b), is predicated on defendant's assertion that plaintiff meets the definition of a vexatious litigant under California Code of Civil Procedure section 391, et seq., and that he lacks a reasonable probability of prevailing in this action. See ECF No. 85 at 1. In the motion for security, defendant also requests that the court take judicial notice of the cases that support his vexatious litigant argument. See ECF No. 85-1 at 12.

1

Plaintiff was provided with several opportunities to respond to these two motions. See ECF Nos. 89, 91, 94. Ultimately, plaintiff never filed a response to defendant's motion to amend. However, during this time period, in a convoluted argument, plaintiff appeared to oppose defendant's security motion and simultaneously to object to what he believed to be the court's grant of it. See ECF No. 98 at 2. Plaintiff states that he should not be declared a vexatious litigant because he was in ongoing imminent danger of serious physical harm. Id. This is not an argument that can be used to successfully rebut a contention that one is a vexatious litigant.

After clarifying to plaintiff that the court had not yet made a determination on the issue of whether he was a vexatious litigant, the court denied plaintiff's motion to dismiss defendant's motion for security and gave plaintiff another opportunity to properly respond to the motion. See ECF No. 99. One month later, on October 16, 2017, defense counsel filed a declaration in lieu of a reply asserting that defendant's motion for security should be deemed submitted given that plaintiff had neither filed a proper response to it nor had he requested a further extension of time to do so. See ECF No. 100 at 1-2. For the reasons stated below, the court will grant defendant's motion to amend, and it will deny defendant's motion for security.

I. Motion to Amend

Defendant wishes to amend his answer to include the affirmative defense that plaintiff's action is barred because plaintiff failed to file suit within the applicable statute of limitations period. See ECF No. 83 at 1-2. He asserts that the motion should be granted because Ninth Circuit considerations of bad faith, undue delay, prejudice and futility are not present and/or will not occur with a grant of the motion. Id. at 2-3.

In Foman v. Davis, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider when deciding whether to grant a motion to amend under Rule 15(a). It opined:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman, 371 U.S. at 182; see also Smith v. Pac. Prop. Dev. Co., 358 F.3d 1097, 1101 (9th Cir. 2004) (citing Foman factors). Thus, "[a]bsent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Leave to amend is freely granted when justice requires . . . , but only in absence of prejudice to the opposing party." Moore v. R.G. Indust., Inc., 789 F.2d 1326, 1328 (9th Cir. 1986) (citations omitted); see Fed. R. Civ. P. 15(a). Indeed, when deciding whether to grant a motion for leave to amend, prejudice to the opposing party carries the greatest weight of the four Foman factors. Eminence Capital, LLC, 316 F.3d at 1052.

Defendant argues that the request to amend is being made in good faith and that there was no undue delay in filing the motion to amend because it was not obvious from the second amended complaint that plaintiff's claims were outside the statute of limitations. See ECF No. 83 at 3. A review of plaintiff's second amended complaint, filed October 27, 2014 (ECF No. 36) supports these contentions. Throughout it, plaintiff mentions several different dates, and more than one presumably actionable incident, but it is unclear which dates relate to which incidents. See id. at 1-7. Moreover, given that defendant timely filed the motion to amend in compliance with the pre-trial motion deadline, the request appears to have been submitted in good faith, and there appears to be no undue delay.

Defendant also argues its motion to amend should be granted because plaintiff has not yet had to respond to a dispositive motion and that therefore, he will not be prejudiced by the grant. See ECF No. 83 at 3-4. However, a review of the lengthy docket in this case indicates that plaintiff did, in fact, have to respond to a dispositive motion to dismiss filed by defendant in September 2015.[1] In any event, the court does not find that plaintiff will be prejudiced by having

---

[1] On September 14, 2015, defendant filed a motion to dismiss on the grounds that plaintiff had failed to exhaust his administrative remedies. See ECF No. 53. Plaintiff opposed the motion in November 2015. ECF No. 55. Ultimately, in September 2016, defendant's motion to dismiss was denied without prejudice to the filing of a motion for summary judgment on the same matter. See ECF Nos. 73, 74. The court gave defendant parameters with respect to what it expected to see should he opt to file a motion for summary judgment. See ECF No. 73 at 9. However, a (continued…)

3

to respond to a statute of limitations defense after having responded to a motion to dismiss on exhaustion grounds, despite the time that has passed. First, in each case, the burden of proof lies with defendant. See Jones v. Bock, 549 U.S. 199, 216 (2007) (holding failure to exhaust is affirmative defense); see Albino v. Baca, 747 F.3d 1161 (9th Cir. 2014) (stating failure to exhaust is affirmative defense defendant must plead and prove); see also Fed. R. Civ. Proc. 8(c) (listing statute of limitations as affirmative defense). Moreover, should defendant file a dispositive motion based the statute of limitations, the court may – as it did regarding the exhaustion motion – require defendant to produce any and all documents relevant to it that plaintiff may have difficulty obtaining.[2] Given these factors, any prejudice to plaintiff should be minimal.

Whether dispositive motions have been filed is not the only factor the court must consider when determining if undue prejudice will result. It is well-established that resulting delay, increased litigation costs, and the possible need to conduct additional discovery are all other factors to be considered that could cause undue prejudice. See, e.g., Amerisource Bergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 953 (9th Cir. 2000) (high litigation costs); see also Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1161 (9th Cir. 1989); (resulting delay); San Diego Marine Construction Corp., 708 F.2d 1483, 1492 (9th Cir 1983) (additional discovery). In addition, the court has an obligation to manage and dispose of cases in a just, speedy and inexpensive manner. See Fed R. Civ. Proc. 1.

Here, defense counsel has indicated that discovery conducted to date may have already yielded information in support of defendant's statute of limitations affirmative defense. See ECF No. 83 at 4 (stating grounds to assert statute of limitations defense came about via investigation and discovery). It appears unlikely that significant additional discovery will be needed to support or rebut the untimeliness argument, given that a statute of limitations defense is relatively simple

---

summary judgment motion was not filed.

[2] See, e.g., ECF No. 73 at 8-9 (court's findings and recommendations tentatively directing defendant to provide copies of all grievances filed by plaintiff given defendant's burden to prove failure to exhaust affirmative defense and defendant's ability to obtain said grievances more easily than plaintiff).

4

to prove with recorded dates.  For the same reason, it is also unlikely that any subsequent need to conduct additional discovery as a result of a grant to amend will lead to excessive expenditures of time and cost to either party.  Furthermore, the court again notes that plaintiff has been given ample opportunity to oppose defendant's motion to amend (see ECF Nos. 89, 91, 94), yet he has failed to do so.  A district court may properly grant a motion for failure to respond.  See generally Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (affirming dismissal for failure to file timely opposition to motion to dismiss where plaintiff had notice of the motion and ample time to respond); see also Local Rule 230(l) (stating failure of party to file opposition to motion may be deemed waiver of opposition to granting motion).  For all these reasons, the court will grant defendant's motion to amend his answer.

II.     Defendant's Motion for Security

In support of defendant's motion for security, pursuant to California Code of Civil Procedure § 391.1,[3] defendant first asserts that plaintiff is a vexatious litigant and provides support for this statement by identifying ten pro se cases that have been filed by plaintiff within the past seven years that he claims have been unsuccessful.  See ECF No. 85-1 at 12-13; see also Cal. Civ. Proc. Code § 391(b)(1) (vexatious litigant defined).  In further compliance with the state statute, defendant also argues that there is no reasonable probability that plaintiff will prevail with his second amended complaint because:  (1) it is barred by the statute of limitations; (2) it does not relate back to plaintiff's original complaint under either state or federal law; (3) it cannot be preserved via equitable tolling, and (4) it has not been fully exhausted.  ECF No. 85-1 at 14-23; see generally Cal. Civ. Proc. Code. § 391.1.

A.     Vexatious Litigant Prong

To establish the first prong of the motion for security, defendant requests that the court

---

[3]  Section 391.1 permits a defendant to file a motion requesting that a plaintiff be required to provide security if the defendant can show that the plaintiff is a vexatious litigant and that there is no reasonable probability that he or she will prevail in the litigation against defendant. See Cal. Civ. Proc. Code § 391.1.  This court has adopted the California vexatious litigant statute as the appropriate standard for consideration of a motion for security.  Local Rule 151(b).

5

declare plaintiff a vexatious litigant pursuant to California Code of Civil Procedure § 391(b)(1). See ECF No. 85-1 at 11. The statute defines, in relevant part, a vexatious litigant as one who "in the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations . . . that have been . . . finally determined adversely to the person." Cal. Civ. Proc. Code § 391(b)(1)(i). Under California law, "litigation" is any civil action or proceeding, commenced, maintained or pending in any state or federal court. Cal. Civ. Proc. Code § 391(a). It includes an appeal or civil writ proceeding filed in an appellate court. Garcia v. Lacey, 231 Cal. App. 4th 402, 406 (2014). A litigation is "determined adversely" to a plaintiff within the meaning of the vexatious litigant statute if he does not win the action or proceeding he began, including cases that are voluntarily dismissed by a plaintiff. Id. at 406-407; see Tokerud v. Capitolbank Sacramento, 38 Cal. App. 4th 775, 779 (1995) (stating party who repeatedly files baseless actions only to dismiss them is no less vexatious than party who follows action through to completion). A litigation is "finally determined" when avenues for direct review have been exhausted or the time for the appeal has expired. Garcia, 231 Cal. App. 4th at 407 n.5 (citing Childs v. PaineWebber Incorporated, 29 Cal. App. 4th 982, 993 (1994)). The litigation must be "finally determined" at the time the instant action is filed. See Childs, 29 Cal. App. 4th at 994.

Defendant's motion for security identifies ten pro se cases that plaintiff has commenced, prosecuted or maintained within the past seven years, which defendant asserts were finally determined adversely to plaintiff. See ECF No. 85-1 at 12-13. The court takes judicial notice of these cases. See Fed. R. Evid. 201(b), (c)(2); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) ("we may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation marks omitted).

Eight of the ten cases meet the statutory criteria to establish collectively that plaintiff is a vexatious litigant. Specifically, three of them have been dismissed for failure to pay the filing

////

////

6

fee.[4] Two of them have been dismissed for failure to state a claim.[5] Two have been dismissed for failure to exhaust available administrative remedies,[6] and one was voluntarily dismissed by plaintiff.[7] However, the remaining two cases to which defendant cites – <u>Trujillo v. Munoz</u>, No. 1:14-cv-01215 SAB (E.D. Cal. May 17, 2016) ("<u>Trujillo</u>") and its circuit appeal, <u>Trujillo v. Munoz</u>, No. 16-15986 (9th Cir. May 18, 2017) ("<u>Trujillo App.</u>") – do not appear to meet the criteria, given that they have not been finally determined one way or the other.[8]

The eight cases which have been finally determined adversely to plaintiff are sufficient to establish that plaintiff meets California's statutory definition of a vexatious litigant. <u>See</u> Cal. Civ. Proc. Code § 391(b)(1)(i) (defining vexatious litigant as one who has commenced, prosecuted or maintained in propria persona at least five litigations that have been finally determined adversely to him). Thus, defendant has satisfied the vexatious litigant prong of his motion for security.

---

[4] <u>See</u> <u>Cruz v. Abril</u>, No. 3:15-cv-2937 BTM RBB (S.D. Cal. Jun. 7, 2016); <u>Cruz v. Escobar</u>, No. 1:16-cv-1770 EPG (E.D. Cal. Mar. 9, 2017), and <u>Cruz v. Biter</u>, No. 1:17-cv-0084 AWI MJS (E.D. Cal. May 8, 2017). ECF No. 85-1 at 13. Plaintiff was precluded from proceeding in forma pauperis and thus, was required to pay the filing fee in these cases because he had been declared a three-strikes litigant by the court pursuant to 28 U.S.C. § 1915(g). <u>See</u> <u>Cruz v. Abril</u>, No. 3:15-cv-2937 BTM RBB (S.D. Cal. Jun. 7, 2016), ECF No. 7.

[5] <u>See</u> <u>Trujillo v. Sherman</u>, No. 1:14-cv-1401 BAM (E.D. Cal. Apr. 25, 2015) and <u>Trujillo v. Sherman</u>, No. 15-15952 (9th Cir. Jan. 28, 2016) (affirming district court's judgment). ECF No. 85-1 at 12.

[6] <u>See</u> <u>Trujillo v. Gomez</u>, No. 1:14-cv-1797 DAD DLB (E.D. Cal. Aug. 5, 2016) and <u>Trujillo v. Gomez</u>, No. 16-16567 (9th Cir. Apr. 19, 2017) (affirming district court's determination). ECF No. 85-1 at 13.

[7] <u>See</u> <u>Cruz v. Abril</u>, No. 16-55880 (9th Cir. May 22, 2017) (attempting to appeal <u>Cruz v. Abril</u>, No. 3:15-cv-2937 BTM RBB (S.D. Cal. Jun. 7, 2016)). ECF No. 85-1 at 13.

[8] In <u>Trujillo App.</u>, on October 5, 2017, the Ninth Circuit has vacated its May 18, 2017 order which had dismissed plaintiff's appeal for failure to prosecute and reinstated the appeal. <u>See</u> <u>Trujillo App.</u>, ECF No. 12. This occurred because plaintiff had filed a document that the Ninth Circuit ultimately treated as a motion to reinstate; a motion that was granted. <u>See</u> <u>id.</u> Thus, <u>Trujillo App.</u> has yet to be finally determined adversely to plaintiff given that the Ninth Circuit vacated its dismissal for failure to prosecute and the case is still pending in the Ninth Circuit.

In addition, in <u>Trujillo App.</u> on February 27, 2018, after reviewing plaintiff's appeal, the Ninth Circuit vacated this court's judgment in <u>Trujillo</u> and remanded on jurisdictional grounds pursuant to <u>Williams v. King</u>, 875 F.3d 500, 503-504 (9th Cir. 2017). <u>See</u> <u>Trujillo App.</u>, ECF No. 18-1. As a result, the case was reopened in this district. <u>See</u> <u>id.</u> Thus, <u>Trujillo</u> has not been finally determined adversely to plaintiff because it has been remanded to this court for further proceedings.

7

B.   No Reasonable Probability that Plaintiff Will Prevail Prong

Defendant further asserts that there is no reasonable probability that plaintiff will prevail in this action. See ECF No. 85-1 at 14-23. In conducting this assessment, a court may determine whether a claim is foreclosed as a matter of law, but it may also weigh the evidence. Golin v. Allenby, 190 Cal. App. 4th 616, 642 (2010) (stating inability to prevail standard may be shown by weight of evidence or lack of merit); see Moran v. Murtaugh Miller Meyer & Nelson, LLP, 40 Cal. 4th 780, 784-85 (2007) (finding Cal. Civ. Proc. Code § 391.2 provides for weighing of evidence); see Garcia v. Lacey, 231 Cal. App. 4th 402, 408 (2014) (stating decision on inability to prevail is based on evaluative judgment in which court is permitted to weigh evidence). Such evidence may be "any evidence, written or oral, by witnesses or affidavit, [and] as may be material to the ground of the motion." Cal. Civ. Proc. Code § 391.2 (brackets added).

To demonstrate "no reasonable probability" of success, defendant relies on his statute of limitations defense and argues that plaintiff meets no exception to this statutory bar. See id. at 14-18 (arguing affirmative defense of statute of limitations, failure of second amended complaint to relate back, and inadequacy of equitable tolling). Defendant also contends that plaintiff failed to exhaust his excessive force claims prior to filing in federal court. See id. at 18-23. Specifically, defendant asserts that although plaintiff's excessive force claim against defendant was filed in this court in 2014, plaintiff did not file administrative appeals in prison that were purportedly relevant to the claim until 2016. See ECF No. 85-1 at 22-23.

C.   Discussion

Local Rule 151(b) adopts the provisions of Title 3A, part 2 of the California Code of Civil Procedure related to vexatious litigants, which enables this court to order that security be provided. See L.R. 151(b); see also Fed. R. Civ. Proc. 83(b) ("A judge may regulate practice in any manner consistent with federal law . . . and the district's local rules."). However, Local Rule 151(b) is clear: the application of California's vexatious litigant statute is wholly permissive. See L.R. 151(b) (stating court *may* order giving of a security and that court's power shall not be limited by California's vexatious litigant statute). In other words, the court may use its discretion when determining whether to require a plaintiff who has been determined to be a vexatious

litigant to post security.  See generally Simmons v. Navajo County, Ariz., 609 F.3d 1011 (9th Cir. 2010) ("District courts have broad discretion in interpreting and applying their local rules.") (internal citation omitted).

In light of this permissive rule, the court will exercise its discretion by declining to order security or the following reasons.  First, a grant of defendant's security motion would require plaintiff either to pay the $9690.00 prior to proceeding with his case or risk having his case dismissed for failure to comply with the court's order to post security.  See Cal. Civ. Proc. Code § 391.4 (providing for dismissal of litigation against defendant if security not provided as ordered); see also ECF No. 85-1 at 9, 24 (defendant requesting security be paid by plaintiff prior to allowing action to continue to proceed and citing Cal. Civ. Proc. Code § 391.4 in support of same).  Given that plaintiff is indigent, ultimately, this would deny him access to the courts. While defendant argues that state law does not consider a vexatious litigant's indigence when setting a security amount (see ECF No. 85-1 at 24), under federal law, this is a factor this court must consider.  See generally Simulnet East Associates v. Ramada Hotel Operating Co., 37 F.3d 573, 575-76 (9th Cir. 1994) (stating care must be taken not to deprive a plaintiff of access to the federal courts when considering motion for security, as such deprivation has "serious constitutional implications"); see generally 28 U.S.C. § 1915(a) (supporting avoidance of limitation to court access due to indigence).  Indeed, this court is to "avoid limitation of access to the courts because of a party's impecunious circumstance."  See Simulnet, 37 F.3d at 576.

Second, it is well-established that dismissal is the "ultimate sanction."  See United States v. King, 200 F.3d 1207, 1214 (9th Cir 1999) (stating dismissal is the "ultimate sanction" in dismissal of indictment case); see also Thomas v. Gerber Productions, 703 F.2d 353, 356 (9th Cir. 1983) (stating same in Rule 37(b) – failure to comply with court order – case); see also Schmidt v. Hermann, 614 F.2d 1221, 1223-24 (9th Cir. 1980) (stating in same in Rule 41(b) – failure to prosecute – case).  As a result, the court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of so doing as well as considering the adequacy of less drastic sanctions.  United States v. National Medical Enterprises, Inc., 792 F.2d 906, 912 (9th Cir. 1986).  Although a requirement for security does not operate as a dismissal, it imposes a potential

9

financial barrier that may have the same dispositive effect. Accordingly, the court considers this possible impact in the context of the case's procedural posture.

This case has been on the court's docket since October 2013. See ECF No. 1. During this time, discovery has been propounded, plaintiff has been deposed, and a host of motions have been filed and adjudicated. In sum, time and resources have already been spent. They cannot be retrieved. To potentially terminate this action on the basis of plaintiff's financial resources, rather than reaching the case-related grounds which have been the subject of discovery, would be inappropriate.

Third, determination of defendant's newly added statute of limitations defense in this context is premature from a procedural perspective. In all likelihood, defendant's amendment is intended to support a dispositive motion. Accordingly, determination of the timeliness question in the context of defendant's motion for security would effectively involve a prima facie assessment of the viability of the affirmative defense – a determination upon which defendant could seek to rely in the future. The same can be said with respect to the court viability of defendant's exhaustion defense. Although California law prohibits a ruling on a security motion from being deemed a determination of any issue in litigation or of the merits of the case (see Cal. Civ. Proc. Code § 391.2; see also Moran, 40 Cal. 4th at 786), the court identifies no sound reason to make a threshold determination in this context of potentially case-dispositive procedural issues. In the interest of allowing both parties to fully develop arguments about these two affirmative defenses at a later date, the court declines to determine at this stage whether plaintiff's claims lack a reasonable probability of success due to untimeliness or non-exhaustion.

Finally, plaintiff's remaining Eighth Amendment claim is not substantively frivolous. See ECF No. 44 (screening order) at 3. The undersigned declines to erect a potential financial barrier to an indigent inmate seeking access to the court with non-frivolous claims, absent a showing sufficient to support a pre-filing order under the All Writs Act, 28 U.S.C. § 1651(a). Such an order, which defendant does not seek here, requires a heightened showing of vexatiousness. See Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1061 (9th Cir. 2007) (federal standard is

////

more stringent than California statute, and requires a finding that litigation is both vexatious and harassing).

CONCLUSION

Accordingly, for the reasons explained above, IT IS HEREBY ORDERED that:

1. Defendant's motion to file an amended answer (ECF No. 83) is GRANTED;
2. The Clerk of Court is directed to separately file the Proposed Amended Answer, ECF No. 83-1, as the Amended Answer; and
2. Defendant's motion for security (ECF No. 85) is DENIED.

DATED: March 14, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE