1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    GUILLERMO CRUZ TRUJILLO,                    No.  2:14-cv-0584 JAM AC P

12                    Plaintiff,

13           v.                                   FINDINGS AND RECOMMENDATIONS

14    HITHE, et al.,

15                    Defendants.

16

17           Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights

18    action under 42 U.S.C. § 1983 against Correctional Officer Hithe, the sole remaining defendant.

19    Currently under consideration is defendant's motion for summary judgment on grounds that: (1)

20    plaintiff has failed to administratively exhaust his claims, and (2) the claims are barred by the

21    applicable statute of limitations.  See generally ECF No. 105 et seq.  For the reasons stated below,

22    the undersigned will recommend that the motion for summary judgment be granted due to

23    plaintiff's failure to exhaust administrative remedies.  As a result, the undersigned declines to

24    reach the statute of limitations argument.

25    I.      RELEVANT PROCEDURAL HISTORY

26           A.      Defendant's Motion to Dismiss

27           On September 14, 2015, defendant filed a motion to dismiss on the ground that plaintiff

28    had not exhausted his second amended complaint ("SAC") and that this was evident on the face

                                                   1

1    of the complaint.  ECF No. 53-1.  On November 30, 2015, in what appears to have been an

2    attempt to assert that he had been deprived of complete administrative proceedings, plaintiff filed

3    an opposition to the motion, arguing that the motion to dismiss should be denied because the

4    appeals coordinator had acted in bad faith.  Specifically, plaintiff asserted that the coordinator had

5    denied plaintiff the return of 602 appeal forms which had, in turn, effectively prevented plaintiff

6    from exhausting all administrative remedies.  See ECF No. 55 at 1-2.  He further contended that

7    were the court to deny the motion to dismiss, he would be able to show that he had attempted to

8    exhaust all administrative remedies.  See id. at 2-3.

9        On September 7, 2016, the undersigned determined that it was not clear on the face of the

10   complaint that plaintiff had failed to exhaust.  As a result, it was recommended that defendant

11   Hithe's motion to dismiss be denied without prejudice to the filing of a motion for summary

12   judgment on the same issue.  ECF No. 73 at 7-10.  On October 27, 2016, the district court judge

13   adopted these findings.  ECF No. 74.  Thereafter, discovery proceedings began.  See generally

14   ECF No. 76 (issuance of discovery order).

15       B.      Defendant's Motion for Summary Judgment

16       Defendant Hithe's motion for summary judgment was filed on April 25, 2018.  ECF No.

17   105.  Pursuant to Woods v. Carey, 684 F.3d 934, 936 (9th Cir. 2012), defendant sent a Rand

18   notice with the motion, which explained to plaintiff what was required to oppose the summary

19   judgment motion.  See ECF No. 105-1.  Nevertheless, plaintiff has not filed an opposition to the

20   motion.  Consequently, on May 29, 2018, counsel for defendant filed a declaration in lieu of reply

21   stating that under Local Rule 230(l): (1) the court may deem plaintiff's failure to oppose the

22   motion for summary judgment as a waiver of any opposition to the granting of the motion, and

23   (2) because the time for the reply to any opposition has expired, defendant's motion for summary

24   judgment is deemed submitted.  See ECF No. 106 at 1-2.

25   II.     FAILURE TO OPPOSE SUMMARY JUDGMENT MOTION

26       Plaintiff has disputed neither the content nor the authenticity of the records submitted by

27   defendant in support of the summary judgment motion.  The court may therefore assume that the

28   facts supported by that showing are uncontroverted.  See Fed. R. Civ. P. 56(e)(2); see generally

2

1  Beard v. Banks, 548 U.S. 521, 527 (2006). The court may also, if appropriate, enter summary

2  judgment against plaintiff. See Fed. R. Civ. P. 56(e)(3). Furthermore, because plaintiff received

3  the Rand notice and has not timely opposed the motion for summary judgment, the court finds

4  that plaintiff has waived his opportunity to oppose it. See E.D. Cal., L.R. 230(l) (2009).

5  Accordingly, the instant motion is deemed submitted and ready for review.

6  III.     PLAINTIFF'S ALLEGATIONS

7           In the SAC, plaintiff alleges that Correctional Officer Hithe used excessive force in

8  violation of plaintiff's Eighth Amendment rights after plaintiff "refused to relinquish [his] boxer

9  shorts in front of female correctional officer[]s." ECF No. 36 at 2-4 (brackets added). On the

10 same day, plaintiff was also wrongfully written up for disobeying orders. Id. Plaintiff contends

11 that he "used the prisoner grievance procedure available . . . to try and cease and solve the

12 problem." Id. at 5. His appeals have been "rejected . . . cancelled . . . and . . . not authorized to

13 bypass any level." Id.

14 IV.      MOTION FOR SUMMARY JUDGMENT

15          A.     Defendant's Argument

16          Defendant maintains that there is no genuine dispute as to any material fact with respect to

17 non-exhaustion and application of the statute of limitations. Accordingly, he contends that he is

18 entitled to judgment as a matter of law. See ECF No. 105-2 at 5-13. In support of this argument,

19 he has provided declarations, documents, deposition transcripts and other materials in compliance

20 with Federal Rule of Civil Procedure 56(c)(1)(A)-(B). See generally ECF No. 105 et seq.

21          B.     Plaintiff's Response

22          As previously noted, plaintiff has not opposed the motion for summary judgment.

23 V.       APPLICABLE LAW

24          A.     Summary Judgment Generally

25          Summary judgment is appropriate when the moving party "shows that there is no genuine

26 dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

27 Civ. P. 56(a). Under summary judgment practice, the moving party "initially bears the burden of

28 proving the absence of a genuine issue of material fact." Nursing Home Pension Fund, Local 144

3

v. Oracle Corp. (In re Oracle Corp. Securities Litigation), 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admission, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)-(B).

### B. Exhaustion Standards

#### 1. Prison Litigation Reform Act

Because plaintiff is a prisoner challenging the conditions of his confinement, his claims are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The Act requires prisoners to exhaust available administrative remedies before bringing an action challenging prison conditions under section 1983. Id. "The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under § 1983." Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)). "[F]ailure to exhaust is an affirmative defense under the PLRA." Jones v. Bock, 549 U.S. 199, 216 (2007). It is the defendant's burden "to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino, 747 F.3d at 1172 (citing Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996)). The burden then "shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies unavailable to him." Id.

Regardless of the relief sought, a prisoner must pursue an appeal through all levels of a prison's grievance process as long as some remedy remains available. "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies . . . available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis and alteration in

1   original) (referencing <u>Booth v. Churner</u>, 532 U.S. 731 (2001)).

2          "Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of

3   administrative remedies:  An inmate . . . must exhaust available remedies, but need not exhaust

4   unavailable ones." <u>Ross v. Blake</u>, 136 S. Ct. 1850, 1858 (2016) (brackets in original).  In

5   discussing availability in <u>Ross</u> the Supreme Court identified three circumstances in which

6   administrative remedies were unavailable:  (1) where an administrative remedy "operates as a

7   simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved

8   inmates;" (2) where an administrative scheme is "incapable of use" because "no ordinary prisoner

9   can discern or navigate it," and (3) where "prison administrators thwart inmates from taking

10  advantage of a grievance process through machination, misrepresentation, or intimidation." <u>Ross</u>,

11  136 S. Ct. at 1859–60.  "[A]side from [the unavailability] exception, the PLRA's text suggests no

12  limits on an inmate's obligation to exhaust – irrespective of any 'special circumstances.'" <u>Id.</u> at

13  1856 (brackets added).  "[M]andatory exhaustion statutes like the PLRA establish mandatory

14  exhaustion regimes, foreclosing judicial discretion." <u>Id.</u> at 1857.

15                        2.        California Regulations Governing Exhaustion

16         "The California prison system's requirements 'define the boundaries of proper

17  exhaustion.'" <u>Marella v. Terhune</u>, 568 F.3d 1024, 1027 (9th Cir. 2009) (quoting <u>Jones</u>, 549 U.S.

18  at 218).  In order to exhaust, the prisoner is required to complete the administrative review

19  process in accordance with all applicable procedural rules. <u>Woodford</u>, 548 U.S. at 90.  California

20  regulations allow a prisoner to "appeal" any action or inaction by prison staff that has "a material

21  adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a)

22  (2017).[1]  The appeal process is initiated by the inmate's filing a "Form 602" the "Inmate/Parolee

23  Appeal Form," "to describe the specific issue under appeal and the relief requested." <u>Id.</u>, §

24  3084.2(a).  "The California prison grievance system has three levels of review:  an inmate

25  exhausts administrative remedies by obtaining a decision at each level." <u>Reyes v. Smith</u>, 810

26  ////

27

28  [1]  All citations to Title 15 of the California Code of Regulations are, unless otherwise noted, for
    the current version, which has been unchanged, in pertinent part, since January 2011.

                                                5

1    F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (2011); see Harvey v.

2    Jordan, 605 F.3d 681, 683 (9th Cir. 2010)).

3        Each prison is required to have an "appeals coordinator" whose job is to "screen all

4    appeals prior to acceptance and assignment for review." Cal. Code Regs. tit. 15, § 3084.5(b).

5    The appeals coordinator may refuse to accept an appeal and does so either by "rejecting" or

6    "canceling" it. Id., § 3084.6(a) ("Appeals may be rejected pursuant to subsection 3084.6(b), or

7    cancelled pursuant to subsection 3084.6(c), as determined by the appeals coordinator.").

8        "Cancellation" is reserved for those appeals which the inmate cannot simply correct. For

9    example, an appeal can be cancelled if the action complained of "is not within the jurisdiction" of

10   the CDCR, or if time limits for submitting the appeal have been exceeded. Id., § 3084.6(c)(1),

11   (4). Upon "cancellation" of the appeal, the inmate's only recourse, if he still wishes to pursue it,

12   is to show that the reason given for the cancellation was inaccurate or erroneous, or that "new

13   information" now makes it eligible for review. Id., § 3084.6(a)(3) (cancelled appeal may later be

14   accepted "if a determination is made that cancellation was made in error or new information is

15   received which makes the appeal eligible for further review").

16       According to the regulations, "a cancellation or rejection decision does not exhaust

17   administrative remedies." Id., § 3084.1(b). Outside of any exceptions outlined in the regulations,

18   "all appeals are subject to a third level of review, as described in section 3084.7, before

19   administrative remedies are deemed exhausted." Id.

20   VI.    UNDISPUTED MATERIAL FACTS

21       For purposes of summary judgment, the following facts are undisputed by the parties or

22   are found to be undisputed pursuant to this court's review of the evidence.[2]

23   • At all relevant times, there was an administrative appeal process available at Folsom State

24     Prison. ECF No. 105-3 at ¶¶ 8-14; ECF No. 105-8 at ¶¶ 1-4 (prison official describing

25     grievance system; declaring it instituted in 1993).

26

27   [2] These facts are taken from defendant Hithe's Statement of Undisputed Facts (ECF No. 105-3)
     and supporting declarations and exhibits (ECF Nos. 105-4 to 105-9). Plaintiff has neither
28   disputed these facts nor submitted an opposition to these materials.

1  • At times during the relevant period in question, plaintiff availed himself of the

2  administrative appeal process.  See ECF No. 36 at ¶¶ 12-13.

3  • The SAC was signed on October 22, 2014 and was filed on October 27, 2014.  ECF No.

4  36 at 1, 7.

5  • In the SAC, plaintiff alleges that defendant Hithe and an unknown co-worker used

6  excessive force against him at Folsom State Prison and that on that day, he also received

7  two rules violation reports for disobeying orders.  ECF No. 36 at 2-4.

8  • Plaintiff contends that defendant Hithe used force against him on three separate dates:

9  May 19, 2011, October 26, 2011 and November 5, 2011.  See ECF No. 105-9 at 54-55

10  (plaintiff's Interrogatory Response No. 4 attached to Ehlenbach declaration).

11  • When asked for log numbers for the administrative appeals and/or grievances plaintiff

12  alleges have exhausted his SAC claims, plaintiff listed the following seven appeals:  FSP-

13  O-16-01129, FSP-O-16-1274, FSP-O-16-00671, FSP-O-16-00691, FSP-O-16-00356,

14  FSP-O-16-00449 and FSP-O-16-00760.  See ECF No. 105-9 at 40-41, 47-48 (plaintiff's

15  Interrogatory Response No. 1 [two sets] attached to Ehlenbach declaration).

16  • None of the seven appeals plaintiff claims are relevant to this complaint include

17  allegations that defendant Hithe used excessive force against plaintiff on May 19, 2011,

18  October 26, 2011 or November 5, 2011.  See ECF No. 105-4 at ¶¶ 7-14 (declaration of

19  appeals coordinator Peterson describing content of plaintiff's appeals); see also ECF Nos.

20  105-5 to 105-7 (copies of appeals and administrative responses at issue).

21  • None of the seven appeals plaintiff asserts are relevant to this complaint reached the third

22  level of review.  See ECF No. 105-4 at ¶¶ 7-14 (Peterson declaration listing final levels of

23  each of plaintiff's appeals); see also ECF Nos. 105-5 to 105-7 (copies of appeals and

24  administrative responses at issue).

25  • None of the seven appeals plaintiff claims are relevant to this complaint were exhausted

26  prior to plaintiff filing his SAC in this court.  See ECF No. 105-4 at ¶¶ 7-14 (Peterson

27  declaration identifying final level review dates of plaintiff's appeals); see also ECF Nos.

28  105-5 to 105-7 (copies of appeals and administrative responses with dates of final

1    administrative review all of which are in 2016); see also ECF No. 1 at 1 (filing date of

2    original complaint stamped 10/29/13); see also ECF No. 36 at 1 (filing date of SAC

3    stamped 10/27/14).

4    VII.    ANALYSIS

5         Defendant has clearly established that plaintiff failed to exhaust his claim that Hithe used

6    excessive force against him.  First, defendant has shown that: (1) at the time plaintiff lodged his

7    grievances against him, Title 15 of the California Code of Regulations required that a three-tiered,

8    formal appeals process be completed prior to filing suit in federal court, and (2) this process was

9    available to plaintiff.  See ECF No. 105-2 at 2-4, 10-11 (citing to Cal. Code Regs. tit. 15, §§

10   3084.7(a)-(c), (d)(3)); see also ECF Nos. 105-3 at ¶ 8, 105-4 at ¶¶ 4-14.

11        Next, referencing each of plaintiff's appeals filed during the relevant period, defendant

12   Hithe asserts and the record provided shows that none of plaintiff's grievances put the prison on

13   notice regarding plaintiff's excessive force claims against him, let alone made it to the third level

14   of appeal without cancellation.  See generally ECF No. 105-2 at 11-12; see also ECF No. 105-3 at

15   ¶¶ 15-29 (defendant Hithe's undisputed facts).  In other words, none of the appeal forms that

16   plaintiff had claimed in his interrogatory responses would establish that he had met his exhaustion

17   requirement actually did so.  Compare ECF No. 105-9 at 40-41, 47-48 (plaintiff's interrogatory

18   responses identifying alleged exhausted appeals), with ECF No. 105-4 at ¶¶ 5-15 (prison

19   authorities' list of claims raised in appeals), and ECF No. 36 at ¶¶ 6-8 (plaintiff's excessive force

20   claim).  Actual copies of these appeals accompany the summary judgment motion.  See generally

21   ECF Nos. 105-5 to 105-7.  Plaintiff does not dispute these facts, nor does he challenge the

22   authenticity or the completeness of these documents.  Moreover, a review of the documents

23   provided by defendant Hithe does not indicate that any grievances filed by plaintiff were

24   improperly delayed, destroyed or dismissed by prison officials.

25        Finally, defendant Hithe argues that in the alternative, a grant of summary judgment is

26   also proper because plaintiff failed to complete the administrative grievance process prior to filing

27   his SAC.  See ECF No. 105-2 at 12-13.  Specifically, he points out that at the earliest, plaintiff

28   raised his excessive force claim against him on October 22, 2014 in the SAC.  See ECF No. 105-

8

2; see also ECF No. 105-3 at ¶¶ 6-7. However, all seven of the "related" appeals were submitted by plaintiff to prison officials in 2016, years after plaintiff had filed the SAC, and the prison did not respond to those appeals until a significant period thereafter. See ECF No. 105-2 at 12; see also ECF No. 105-3 at ¶¶ 14-29. Thus, defendant Hithe contends, because 42 U.S.C. § 1997e(a) requires exhaustion to occur prior to the filing of a complaint, plaintiff's premature filing of the SAC also warrants a grant of the summary judgment motion. See ECF No. 105-2 at 12-13 (citing Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010) and McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) for exhaustion before federal filing requirement). Again, plaintiff neither disputes these facts, nor does he challenge this argument.

In light of the above, the court finds that Hithe has adequately shown that plaintiff failed to exhaust his excessive force claims. Therefore, the court will recommend that Hithe's motion to dismiss be granted and that the action be dismissed without prejudice for failure to exhaust. See Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (citing Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003)). In light of these facts, the court need not consider defendant's statute of limitations argument.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant Hithe's motion for summary judgment (ECF No. 105) be GRANTED on the grounds that plaintiff has failed to exhaust his administrative remedies, and

2. This action be DISMISSED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, the parties may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections

////

////

////

////

9

within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 9, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

10